## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

SHIRLEY DOUGLAS,                                                         PLAINTIFF

VS.                                          CIVIL ACTION NO. 3:10CV677 DPS-FKB

RICHARD B. SCHWARTZ AND
SCHWARTZ & ASSOCIATES, P.A.,                                          DEFENDANTS

### ANSWER OF DEFENDANTS TO COMPLAINT

COME NOW DEFENDANTS Richard B. Schwartz and Schwartz & Associates, P.A., (hereinafter sometimes "defendants") and file this their response to the allegations of the Complaint of plaintiff Shirley Douglas against them (Doc. No. 1) (hereinafter "Complaint").

### FIRST DEFENSE

The Complaint fails to state a cause of action against these defendants upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails to state, with the specificity required by *Fed. R. Civ. P.* 9(b), the circumstances which allegedly constitute fraud.

### THIRD DEFENSE

Plaintiff has failed to comply with *Fed. R. Civ. P.* 12(b)(7) and *Fed. R. Civ. P.* 19 by failing to join indispensable parties necessary for the proper adjudication of the present matter, including (a) Terre M. Vardaman, Chapter 13 Trustee in Case No. 09-13893-DWH pending in the United States Bankruptcy Court for the Northern District of Mississippi, a case in which

plaintiff Shirley Douglas is the Chapter 13 Debtor, and (b) Vann F. Leonard.

## FOURTH DEFENSE

If plaintiff has suffered injuries or damages, those injuries and/or damages were proximately caused or contributed to solely by the negligent and/or intentional acts, wrongs, or omissions of other persons, entities, forces or things over which these defendants had no control and/or for which they are not responsible.  As to all such persons, including those not named as a party to this litigation, these defendants plead the right to apportionment and limitation of damages as provided, *inter alia*, in *Miss. Code Ann.* Section 11-7-15 and Section 85-5-7.

## FIFTH DEFENSE

1.

This action, which defendants have removed from state court, is an action for alleged negligent handling of approximately $327,585.22 in settlement funds, property of the bankruptcy estate of plaintiff Douglas, and for alleged vicarious liability and for disgorgement of attorney fees and reimbursement of expenses in the amount of $172,414.68 and for punitive damages and attorney fees and interest.

2.

This proceeding is a core proceeding involving funds belonging to the Chapter 13 bankruptcy estate of plaintiff Shirley Douglas.  This proceeding involves some or all of the proceeds of a settlement in the total amount of $500,000.00 which defendants Richard B. Schwartz and Schwartz & Associates, P.A., obtained for the benefit of Shirley Douglas at a time when she was a debtor in a Chapter 13 proceeding.  On July 31, 2009, Shirley Douglas filed a Chapter 13 proceeding in the United States Bankruptcy Court for the Northern District of Mississippi which

was docketed by the Clerk of Court as No. 09-13893-DWH (the Chapter 13 proceeding"). The Bankruptcy Court appointed Terre M. Vardaman as the Chapter 13 Case Trustee. The Chapter 13 bankruptcy proceeding, with plaintiff as Debtor, is still pending.

3.

Before plaintiff filed the Chapter 13 proceeding, Defendants Richard B. Schwartz and Schwartz & Associates, P.A., were counsel for Shirley Douglas pursuant to a written professional services agreement (the "contingency fee contract") dated June, 2007, regarding a personal injury claim (the "personal injury claim") which Douglas had against a third party prior to her filing for relief under Chapter 13 of the United States Bankruptcy Code. The professional services agreement between Shirley Douglas and Schwartz & Associates, P.A., provided for payment to Schwartz & Associates, P.A., of a contingency fee of one-third of the amount recovered if counsel settled the claim before trial, plus reimbursement of expenses incurred in the matter. Richard B. Schwartz and Schwartz & Associates, P.A., continued to represent Douglas on the personal injury claim during the pendency of the Chapter 13 proceeding. In 2010, Richard B. Schwartz and Schwartz & Associates, P.A., negotiated a settlement of Debtor's personal injury claim for $500,000.00. The proceeds of the settlement of the personal injury claim were and are property of the bankruptcy estate of Douglas and subject to the control of the Chapter 13 Case Trustee. Because this proceeding, which plaintiff initiated in state court, involves property of a bankruptcy estate, it is a core proceeding for purposes of bankruptcy court jurisdiction.

4.

On April 7, 2010, through separate counsel Vann F. Leonard, Richard B. Schwartz and Schwartz & Associates, P.A., filed an application for employment of Richard B. Schwartz and

Schwartz & Associates, P.A., as Special Counsel and requested approval of the contingency fee contract between Shirley Douglas and Schwartz & Associates, P.A., regarding the personal injury claim.  Also on April 7, 2010, Richard B. Schwartz and Schwartz & Associates, P.A., through separate counsel Vann F. Leonard, filed an application to approve a compromise and settlement of the personal injury claim of Douglas for $500,000.00 and an application for approval of the payment to Schwartz & Associates, out of the proceeds of the settlement, of $172,414.68 in attorney fees and reimbursement for expenses.

5.

By order entered on June 3, 2010, the United States Bankruptcy Court for the Northern District of Mississippi approved employment of Richard B. Schwartz and Schwartz & Associates, P.A., as special counsel *nunc pro tunc* and approved the contingency fee contract between Schwartz & Associates, P.A., and Debtor concerning the personal injury claim.  By orders entered on June 3, 2010, the United States Bankruptcy Court for the Northern District of Mississippi approved settlement of the personal injury claim for $500,000.00 in favor of the Debtor and approved payment of attorney fees and reimbursement of expenses to Schwartz & Associates in the total amount of $172,414.68 out of the settlement proceeds.  The Bankruptcy Court also ordered that all "excess settlement proceeds after payment of legal fees and reimbursement of expenses shall be tendered to the Chapter 13 Case Trustee" for distribution to unsecured creditors of Debtor or be disbursed by Vann F. Leonard "at the direction of the Chapter 13 Case Trustee, all without further Order of this Court."  Copies of the orders entered by the United States Bankruptcy Court for the Northern District of Mississippi in Plaintiff Douglas's Chapter 13 proceeding (a) granting the application to employ Richard B. Schwartz and Schwartz &

-4-

Associates, P.A., as Special Counsel and approving the contingency fee contract; (b) granting the application to compromise a controversy; and, (c) granting the application for payment of compensation and reimbursement for expenses are attached hereto as Exhibits "B," "C," and "D," respectively. (Doc. Nos. 52, 53-1, and 54, respectively, in Bankruptcy Case No. 09-13893 in the U.S. Bankruptcy Court for the Northern District of Mississippi).

6.

On October 21, 2010, the Chapter 13 Case Trustee Terre M. Vardaman filed Adversary Proceeding No. 10-01187-DWH in the United States Bankruptcy Court for the Northern District of Mississippi against Richard B. Schwartz, Schwartz & Associates, P.A., and Vann F. Leonard and John Does in Chapter 13 (the "Adversary Proceeding").   A copy of the complaint in Adversary Proceeding No. 10-01187-DWH is attached hereto and incorporated herein as Exhibit "E." (AP 10-01187 Doc. No. 1, hereinafter citations to the docket in the Adversary Proceeding are in the form "AP Doc. No. __")  The complaint filed by the Chapter 13 Case Trustee in the Adversary Proceeding alleges that Vann F. Leonard, Esq., paid to defendants Richard Schwartz and Schwartz & Associates, out of the proceeds of the settlement, the amount approved by the court for payment of attorney fees and reimbursement of expenses.  The complaint in the Adversary Proceeding also alleges that Vann F. Leonard, Esq., failed to pay the balance of $327,585.32 in settlement proceeds to the Chapter 13 Case Trustee and that defendants Richard B. Schwartz and Schwartz & Associates, P.A., are liable to the Chapter 13 Case Trustee and the bankruptcy estate for the acts of commission or omission of Vann F. Leonard.  In Adversary Proceeding 10-01187, the Chapter 13 Case Trustee seeks to recover the balance of the settlement proceeds for the Chapter 13 estate and to obtain other relief.

7.

Debtor, through her counsel in this proceeding, filed a motion to intervene in the Adversary Proceeding.  By order entered on November 17, 2010, in the Adversary Proceeding (AP Doc. No. 9), United States Bankruptcy Judge David W. Houston, II, granted the motion of Debtor Shirley Douglas to intervene in the Adversary Proceeding.  A copy of that order is attached hereto and incorporated herein as Exhibit "F."

8.

On October 21, 2010, Shirley Douglas, but without the permission of the Chapter 13 Case Trustee or the Debtor's bankruptcy counsel, filed the instant proceeding against Richard Schwartz and Schwartz & Associates, P.A., in state court (the "state court action"), now removed to this Court.  In her complaint, Douglas alleges that Vann F. Leonard, Esq., paid the attorney fees and expenses owing to defendant Richard Schwartz and Schwartz & Associates out of the settlement proceeds but failed to pay the balance of approximately $327,000.00 to the Chapter 13 trustee and that defendant Richard B. Schwartz and Schwartz & Associates, P.A., are liable for the acts of commission or omission of Vann F. Leonard.

9.

The funds which Shirley Douglas seeks to recover in this action are the very same proceeds of the settlement of the personal injury matter that the Chapter 13 Case Trustee seeks to recover from the Schwartz defendants and from Vann F. Leonard in the Adversary Proceeding.

10.

This action concerns funds which belong to the Chapter 13 bankruptcy estate of the Debtor and which are subject to the control of the Chapter 13 Case Trustee and not to the control of

Debtor Shirley Douglas.

11.

On November 5, 2010, Paula E. Drungole, Esq., bankruptcy counsel for Debtor Shirley Douglas in the Chapter 13 proceeding, wrote her client Shirley Douglas a letter advising Debtor that the proceeds of the settlement of the personal injury claim were property of the estate in bankruptcy.   Debtor's bankruptcy counsel filed a copy of that letter in the Chapter 13 proceeding (Bankruptcy Case Doc. No. 69).  A copy of that letter from Paula E. Drungole, Esq., bankruptcy counsel for Debtor Shirley Douglas, is attached hereto and incorporated herein as Exhibit "G."

**SIXTH DEFENSE**

The claims of plaintiff alleged in her Complaint may be barred, in whole or in part, by accord and satisfaction.

**SEVENTH DEFENSE**

The claims of plaintiff alleged in her Complaint may be barred, in whole or in part, under the doctrines of election of remedies, failure of consideration, release, payment, *res judicata*, fraud, laches, and/or collateral estoppel.

**EIGHTH DEFENSE**

Plaintiff's damages and/or injuries, if any, were caused by intervening and/or superseding causes over which these defendants had no control and for which they are not liable.

**NINTH DEFENSE**

Plaintiff's damages and/or injuries, if any, may be barred by and/or diminished by the doctrine of avoidable consequences.

**TENTH DEFENSE**

Plaintiff's damages and/or injuries, if any, resulted from unforeseeable or unavoidable circumstances and causes that could not have been prevented by these defendants.

**ELEVENTH DEFENSE**

The claims of plaintiff alleged in the Complaint are barred, in whole or in part, to the extent that plaintiff has failed to mitigate her damages.

**TWELFTH DEFENSE**

The Complaint fails to allege with specificity any facts which would warrant the imposition of punitive damages. Should the Court decide to permit jury consideration of the issue of punitive damages, then these defendants respectfully invoke the provisions of Miss. Code Ann. § 11-1-65 and requests bifurcation of the issues of liability and compensatory damages from the issue of punitive damages, as provided by Miss. Code Ann. § 11–1-65.

**THIRTEENTH DEFENSE**

Although denying that plaintiff is entitled to punitive damages or to any relief whatsoever against these defendants herein, to the extent that plaintiff seeks punitive damages, these defendants affirmatively plead that:

a.   An award of punitive damages in this civil action amounts to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

b.   An award of punitive damages in this civil action violates the due process provision of the Fifth and Fourteenth Amendments to the United States Constitution and Section 14 of the Mississippi Constitution;

c.   The criteria used for determining whether, and in what amount, punitive damages may be awarded are impermissibly vague, imprecise, and inconsistent and therefore

in violation of the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution;

d.     An award of punitive damages in this civil action amounts to an excessive fine in violation of the Eighth Amendment to the United States Constitution and of Section 28 of the Mississippi Constitution;

e.     An award of punitive damages in this civil action violates the equal protection provisions of the Fourteenth Amendment in that such a sanction is discriminatory and arbitrary in penalizing this defendant on the basis of assets;

f.     To the extent that this defendant is subjected to a criminal sanction through punitive damages, the burden of proof required to impose the same should be proved "beyond a reasonable doubt" and punitive damages should not be awarded without affording this defendant the full range of criminal procedural safeguards afforded by the Fourth, Fifth, and Sixth Amendments to the United States Constitution;

g.     An award of punitive damages violates Article 1, Section X of the United States Constitution; and

h.     An award of punitive damages in this civil action violates similar and related provisions, as noted above, of the Constitution of the State of Mississippi.

## FOURTEENTH DEFENSE

These defendants reserve the right to assert any and/or all applicable affirmative defenses which discovery may reveal to be appropriate.

## FIFTEENTH DEFENSE

Without waiving any rights or defenses to be brought before the Court by a motion to dismiss or a motion for more definite statement or other motion or pleading, and specifically reserving said rights, these defendants respond as follows to the allegations set forth in the Complaint, with the paragraph number of the response corresponding to the paragraph number of the Complaint:

## PARTIES

-9-

1.

Admitted.

2.

Admitted.

3.

Admitted.

## JURISDICTION AND VENUE

4.

These defendants admit that this court has jurisdiction over this matter for the reasons stated in the Notice of Removal which is incorporated herein by reference.  For further answer, these defendants state that superior and rightful jurisdiction over this matter lies with the United States Bankruptcy Court for the Northern District of Mississippi where plaintiff's Chapter 13 bankruptcy case is pending as case no. 09-13893-DWH on the docket of said court.

5.

Denied.   Venue is proper in the Northern District of Mississippi in the United States Bankruptcy Court for the Northern District of Mississippi.

## FACTS

6.

Admitted.

7.

Admitted.

8.

-10-

Admitted.

9.

Admitted.

10.

Admitted.

11.

Admitted.  For further answer, these defendants state that the United States Bankruptcy Court for the Northern District of Mississippi issued an order to Vann F. Leonard specifying how he should disburse the settlement proceeds.  A copy of that order is attached hereto and incorporated herein as Exhibit "D."

12.

For want of sufficient information, these defendants can neither admit nor deny the allegations in this numbered paragraph of the Complaint and therefore deny them.

13.

Admitted.

14.

Admitted that these defendants turned over the settlement proceeds to Vann F. Leonard pursuant to the instructions of the United States Bankruptcy Court for the Northern District of Mississippi.  The remaining allegations of this numbered paragraph are denied.

15.

These defendants admit that the United States Bankruptcy Court for the Northern District of Mississippi, upon motion filed by Vann F. Leonard, enter its order dated June 3, 2010,  in

-11-

Chapter 13 Case No. 09-13893 approving payment out of the settlement proceeds to Schwartz & Associates of a total sum of $172,414.868 in attorney fees and for reimbursement of expenses. For further answer to the allegations of this paragraph number of the complaint, these defendants admit that said order of the Bankruptcy Court also "ORDERED AND ADJUDGED that all excess settlement proceeds after payment of legal fees and reimbursement of expenses shall be tendered to the Chapter 13 Case Trustee for distribution to timely-filed unsecured Proofs of Claim, or disbursed by Vann F. Leonard, Attorney for Schwartz & Associates, at the direction of the Chapter 13 Case trustee, all without further Order of this Court." A copy of that order is attached hereto as Exhibit "D." The remaining allegations of this paragraph of the complaint are denied.

16.

Admitted.

17.

For want of sufficient information, these defendants can neither admit nor deny the allegations of this paragraph number of the complaint and the same are, therefore, denied.

18.

For want of sufficient information, these defendants can neither admit nor deny the allegations of this paragraph number of the complaint and the same are, therefore, denied.

19.

Defendant Schwartz & Associates denies that it is under any obligation to return either the fee which it earned or the funds paid to it in reimbursement for its expenses.

20.

Schwartz & Associates admits that it received payment of $172,141.68, as approved by the

Bankruptcy Court in its orders entered on June 3, 2010, in the Chapter 13 proceeding and that the monies received were payment of attorney fees owing to Schwartz & Associates and reimbursement of expenses owed by plaintiff to Schwartz & Associates.  For want of sufficient information, these defendants can neither admit nor deny the remaining allegations of this paragraph number of the complaint and the same are, therefore, denied.

### IV.  Cause of Action

#### A.      Negligence / Legal Malpractice

21.

Defendants admit that there was an attorney client relationship between Shirley Douglas and Richard Schwartz and between Shirley Douglas and Schwartz & Associates, P.A.

22.

Denied.

23.

Denied.

#### B.      Vicarious Liability

24.

Denied.

#### C.      Disgorgement of Fee

25.

The allegations of the first sentence of this numbered paragraph of the complaint state a legal conclusion of the pleader to which no answer is required by these defendants, but to the extent that an answer is required, the same are denied.  The allegations of the second sentence of

this numbered paragraph of the complaint are denied.

### 26.

The allegations of this numbered paragraph of the complaint of plaintiff constitute a prayer for relief to which is no answer is required by these defendants.  To the extent that an answer is required to this numbered paragraph of the complaint, the allegations of the same are denied.

### V.    Damages

### 27.

Denied.

### 28.

Denied.

### 29.

Denied.

### 30.

Denied.

### PRAYER

These defendants deny all allegations contained in the last, unnumbered paragraph following Paragraph No. 30 of the complaint, beginning with the heading "WHEREFORE." These defendants specifically deny that plaintiff is entitled to any relief whatsoever from them.

AND NOW, having answered the allegations against them, these defendants respectfully request that this Court dismiss the allegations against them and that it assess all associated costs and expenses against plaintiff and that it grant to these defendants any and all additional relief

which the Court deems appropriate, including the alternative relief of transfer of this matter to the

United States District Court for the Northern District of Mississippi or to the United States

Bankruptcy Court for the Northern District of Mississippi, as may be appropriate.

       This the 26th day of November, 2010.

               Respectfully submitted,


                     RICHARD B. SCHWARTZ  And
                     SCHWARTZ AND ASSOCIATES, P.A.

                     BY:    /s/ J. Wyatt Hazard_____
                              OF COUNSEL

                     BY:    /s/ Richard C. Bradley III_____
                              OF COUNSEL

RICHARD C. BRADLEY III - MSB # 4269
DANIEL, COKER, HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI  39215-1084
TELEPHONE:  (601) 969-7607
FACSIMILE:  (601) 969-1116
rbradley@danielcoker.com

J WYATT HAZARD, - MSB # 2141
DANIEL, COKER, HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI  39215-1084
TELEPHONE:  (601) 969-7607
FACSIMILE:  (601) 969-1116
whazard@danielcoker.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties listed

below by first class mail, postage prepaid, or by e-mail to the address shown below except as

otherwise shown below:


Paula E. Drungole, Esq.
P. O. Box 186
Starkville, Mississippi 39760–0186
drungolelawfirm@bellsouth.net
Debtor's Bankruptcy Counsel

Terre M. Vardaman, Esq.
Chapter 13 Trustee
Post Office Box 1326
Brandon, Mississippi 39043
missatty@bellsouth.net

Selene D. Maddox, Esq.
362 North Broadway Street
Tupelo, Mississippi 38804
sdmaddox63@gmail.com
Counsel for the Chapter 13 Case Trustee

Philip W. Thomas, Esq.

Post Office Box 24464
Jackson, Mississippi 39225–4464
pthomas@thomasattorney.com
Counsel for Plaintiff Shirley Douglas

R. Adam Kirk, Esq.
Gore, Kilpatrick & Dambrino, PLLC
135 First Street (38901)
Post Office Box 901
Grenada, Mississippi 38902–0901
akirk@gorekilpatrick.com
Counsel for Richard B. Schwartz, Esq., and
Schwartz & Associates, P.A.

This the 26th day of November, 2010.


_____
Richard C. Bradley III, MSB #4269

-16-

## LIST OF EXHIBITS

A.    Reserved.

B.    Order of United States Bankruptcy Court for the Northern District of Mississippi Approving Employment of Special Counsel *Nunc Pro Tunc* And Approving Contingency Fee Contract.  (Bankruptcy Case Doc. No. 52)

C.    Order of United States Bankruptcy Court for the Northern District of Mississippi Approving Compromise And Settlement (Bankruptcy Case Doc. No. 53-1)

D.    Order of United States Bankruptcy Court for the Northern District of Mississippi Approving Attorney's Fee (Bankruptcy Case Doc. No. 54)

E.    Complaint of Chapter 13 Trustee in Adversary Proceeding No. 10-01187-DWH against Richard B. Schwartz, Schwartz & Associates, P.A., and Vann F. Leonard and John Does. (AP 10-01187 Doc No. 1)

F.    Order of United States Bankruptcy Court for the Northern District of Mississippi Granting Shirley Douglas' Motion To Intervene In Adversary Proceeding 10-01187  (AP 10-01187 Doc No. 9)

G.    Letter from Paula E. Drungole, Esq., to Ms. Shirley Douglas dated November 5, 2010.  (Bankruptcy Case Doc. No. 69)