IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHIRLEY DOUGLAS**                                                                                      **PLAINTIFF**

**VS.**                                                                     **CIVIL ACTION NO. 3:10CV677 DPJ-FKB**

**RICHARD B. SCHWARTZ, AND SCHWARTZ &
ASSOCIATES, P.A.,**                                                                                  **DEFENDANTS**

**SHIRLEY DOUGLAS' MEMORANDUM OF AUTHORITIES SUPPORTING
MOTION FOR PARTIAL SUMMARY JUDGMENT**

## I. INTRODUCTION

This is a legal malpractice case. Shirley Douglas hired Richard Schwartz and Schwartz & Associates, P.A. (collectively "Schwartz") to represent her in a claim for injuries sustained in a car wreck. Schwartz settled the case for $500,000 and gave the money to Van Leonard—an attorney Schwartz hired to represent Schwartz in Plaintiff's bankruptcy proceeding. Leonard paid Schwartz $172,414.68 of the $500,000 and stole the rest of the settlement. Despite receiving $172,414.68, Schwartz refuses to pay a penny to Plaintiff or her bankruptcy estate. Schwartz is clearly liable to Plaintiff for $500,000 based on Mississippi law.[1] Therefore, the Court should enter partial summary judgment in Plaintiff's favor in the amount of $500,000 and set the Plaintiff's remaining claims for trial.

## II. FACTS

In June 2007 Shirley Douglas was injured in an automobile accident caused by the negligence of the driver of another vehicle.[2] Later in June 2007, Ms. Douglas hired

---

[1] The $500,000 will be used to satisfy Plaintiff's bankruptcy creditors with the remained going to the Plaintiff.

[2] See Complaint at ¶ 6. Defendants' Answer admitted this allegation.

Schwartz to serve as her lawyer to make a claim against the driver of the other vehicle.[3] Richard Schwartz was the Schwartz & Associates attorney who was responsible for Ms. Douglas' case and who communicated with Ms. Douglas about her case.[4]

On July 31, 2009 Ms. Douglas filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Mississippi.[5]

On or about March 23, 2010 Schwartz negotiated a $500,000 settlement of Ms. Douglas' claim from the automobile accident.[6] Schwartz recommended that Ms. Douglas accept the settlement offer and she agreed.[7]

Schwartz then hired attorney Van Leonard to assist Schwartz in obtaining court approval of the settlement in Ms. Douglas' bankruptcy proceeding.[8] Van Leonard appeared in the case and obtained approval of the settlement.[9] The proceeds of the $500,000 settlement were sufficient to pay all of Ms. Douglas' creditors and to allow her to be discharged from bankruptcy with money in her pocket from the settlement of her auto accident claim.[10]

---

[3] See Complaint at ¶ 7. Defendants' Answer admitted this allegation.

[4] See Complaint at ¶ 8. Defendants' Answer admitted this allegation.

[5] See Complaint at ¶ 9. Defendants' Answer admitted this allegation.

[6] See Complaint at ¶ 10. Defendants' Answer admitted this allegation.

[7] Id.

[8] See Complaint at ¶ 11. Defendants' Answer admitted this allegation.

[9] Id.

[10] See Exhibit "1" to Motion, Affidavit of Shirley Douglas at ¶ 3.

The defendant in the automobile accident case tendered the $500,000 settlement proceeds to Schwartz.[11] Schwartz then tendered the $500,000 settlement proceeds to Van Leonard.[12] Van Leonard obtained approval of the bankruptcy court to pay attorney's fees and expenses of $172,414.68 to Schwartz and to tender the remaining funds to the U.S. Bankruptcy Trustee.[13]

Van Leonard tendered $172,414.68 to Schwartz.[14] Van Leonard never tendered the remaining $327,585.32 to the Trustee or to Ms. Douglas.[15] Van Leonard misappropriated the settlement proceeds.[16] Schwartz did not return any of the settlement proceeds that it obtained.[17] Schwartz claims that it does not have to return the money that it collected.[18] Of the $500,000 settlement proceeds, Schwartz received $172,414.68 and Van Leonard stole the remaining $327,585.32.[19] No money was paid to the Trustee on behalf of Ms. Douglas' creditors or to Ms. Douglas.[20]

### III. STANDARD OF REVIEW

Summary judgment is appropriate when viewing the pleadings, depositions, answers to interrogatories, and other evidence on file in the light most favorable to the

---

[11] See Complaint at ¶ 13. Defendants' Answer admitted this allegation.

[12] See Complaint at ¶ 14. Defendants' Answer admitted this allegation.

[13] See Complaint at ¶ 15. Defendants' Answer admitted this allegation.

[14] See Complaint at ¶ 16. Defendants' Answer admitted this allegation.

[15] Ex. "1", Affidavit of Shirley Douglas at ¶ 3.

[16] Id. at ¶ 4.

[17] Id. at ¶ 5.

[18] See Answer at p. 12 responding to Complaint ¶ 19.

[19] Ex. "1", Affidavit of Shirley Douglas at ¶ 6.

[20] Id. at ¶ 7.

3

non-movant, there is no genuine issue as to any material fact and the non-moving party is entitled to judgment as a matter of law.[21] When a summary judgment motion is made and properly supported, an adverse party may not rest upon mere allegations or denials but must offer testimony or evidence that sets forth specific facts that show that there is a genuine issue for trial.[22] Otherwise, summary judgment should be entered against the adverse party.[23]

## IV. ARGUMENT

### A.  Schwartz is liable to Plaintiff for money that Van Leonard stole.

Plaintiff is entitled to summary judgment pursuant to *Duggins v. Guardianship of Washington*, 632 So. 2d 420 (Miss. 1993). In *Duggins*, an attorney who was associated on a case by another attorney stole the client's settlement proceeds.[24] The trial court entered judgment against the original attorney and found him vicariously liable for the thief's conduct.[25] On appeal, the Mississippi Supreme Court affirmed the judgment against the original attorney and ruled that he was vicariously liable for the thief's conduct.[26] The Court also affirmed the trial court's ruling that the original attorney's vicarious liability extends to punitive damages.[27]

*Duggins* is on point and requires this Court to enter partial summary judgment in Plaintiff's favor against Schwartz. Schwartz hired Van Leonard and Leonard stole

---

[21] *Gorman v. Southeastern Fidelity Ins. Co.,* 775 F. 2d 655, 657 (5th Cir. 1985).

[22] Federal Rule of Civil Procedure 56(e).

[23] *Id*.

[24] 632 So. 2d at 422-25.

[25] Id. at 425-26.

[26] Id. at 432.

[27] Id.

Plaintiff's settlement. Therefore, Schwartz is vicariously liable to Plaintiff for Leonard's theft.

### B. Schwartz is Not Entitled to Keep its Attorney's Fee.

Schwartz is not entitled to recover an attorney's fee for its representation of Plaintiff. Plaintiff's counsel was unable to locate a case decided under Mississippi law that addressed the issue of disgorgement of an attorney's fee. But courts in other jurisdictions have ruled that an attorney is not entitled to recover fees for legal services performed improperly.

For instance, in *Hendry v. Pelland*, 73 F.3d 397 (U.S. App. D.C. 1996) the Court of Appeals for the District of Columbia cited numerous authorities that recognize that forfeiture of legal fees is an appropriate remedy.[28] The New Jersey Supreme Court explained the rationale for the concept of fee disgorgement in *Packard-Bamberger & Co. v. Collier*, 771 A.2d 1194 (N.J. 2001), noting that it is needed in order to make the plaintiff whole.[29]

In this case, Schwartz gave part of Plaintiff's settlement proceeds to Van Leonard and kept the rest. Under these circumstances, Schwartz is not entitled to keep his attorney's fee. Therefore, Schwartz is not entitled to a $172,414.68 offset for his representation of Plaintiff.

### C. The Court should enter judgment in Plaintiff's favor for $500,000.

Plaintiff is entitled to recover from Schwartz the $172,414.68 retained by Schwartz and the $327,585.32 that Van Leonard stole. Therefore, the Court should enter partial summary judgment in Plaintiff's favor in the amount of $500,000 against

---

[28] 73 F.3d at 401-02.

[29] 771 A.2d at 1202.

Schwartz. Finally, the Court should allow Plaintiff's remaining claims to proceed. This includes Plaintiff's claims for economic damages related to her not receiving her bankruptcy discharge, mental anguish, emotional distress, and punitive damages

## V. CONCLUSION

The Court should enter partial summary judgment in Plaintiff's favor against Schwartz in the amount of $500,000.

This the 30th day of November, 2010.

        Respectfully Submitted,

        SHIRLEY DOUGLAS

        By Her Attorney,


        /s/ Philip W. Thomas
        PHILIP W. THOMAS


PHILIP W. THOMAS, P.A.
747 North Congress Street
Jackson, MS 39202
Post Office Box 24464
Jackson, MS 39225-4464
Tel: (601) 714-5660
Fax: (601) 714-5659

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered the non-ECF participants.

    Richard C. Bradley, III
    J. Wyatt Hazard
    Daniel, Coker, Horton & Bell, P. A.
    Post Office Box 1084
    Jackson, Mississippi 39215-1084
    rbradley@danielcoker.com
    whazard@danielcoker.com

This the 30th of November, 2010.

                                /s/ Philip W. Thomas
                                PHILIP W. THOMAS