IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHIRLEY DOUGLAS**                                                                              **PLAINTIFF**

vs.                                                                    **CIVIL ACTION NO. 3:10cv677-DPJ-FKB**

**RICHARD B. SCHWARTZ, and**
**SCHWARTZ AND ASSOCIATES, P.A.**                                                **DEFENDANTS**

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

COME NOW Defendants Richard B. Schwartz and Schwartz and Associates, P.A., and respectfully submit this response in opposition to Plaintiff's Motion for Partial Summary Judgment ("Motion") [Docket No. 3]. Plaintiff, relying on a single decision of the Mississippi Supreme Court, seeks summary judgment on her claim that Defendants are vicariously liable for the theft of settlement proceeds by another attorney Vann Leonard. For the reasons discussed below, Plaintiff has failed to adduce sufficient evidence to establish that, as a matter of law, a partnership or joint venture existed between Defendants and Leonard to represent Plaintiff in the underlying personal injury action. To the contrary, the undisputed facts establish that no partnership or joint venture existed between Defendants and Leonard, and Plaintiff, as well as the Chapter 13 Trustee and the United States Bankruptcy Court were aware and approved of Vann Leonard handling the settlement proceeds. Thus, the authority upon which Plaintiff exclusively relies is easily distinguishable, and Plaintiff's Motion should be denied. Alternatively, Plaintiff's Motion should be denied or deferred, pursuant to Fed. R. Civ. Pro. 56(d), until Defendants are allowed sufficient time to conduct discovery regarding a number of relevant issues, including the nature of the relationship between Plaintiff and Leonard, and Schwartz and Leonard, and the knowledge and approval of Plaintiff, the Chapter 13 Trustee and the United States Bankruptcy

Court to Leonard handling the settlement proceeds. Finally, Plaintiff has failed to offer any admissible evidence to establish that Schwartz "improperly" performed any legal services. Thus, Plaintiff's claim that Schwartz is not entitled to keep his Bankruptcy Court approved attorney's fees should be denied.

### I.     STATEMENT OF FACTS

1. On or about June 29, 2007, Shirley Douglas retained Schwartz & Associates, P.A. ("Schwartz") to represent her in a personal injury action stemming from a car wreck ("underlying action" or "underlying claim"). (A copy of the Professional Services Agreement is attached as Exhibit A.)

2. More than two years later, on July 31, 2009, Douglas commenced a Chapter 13 Bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Mississippi. Douglas is represented by Paula E. Drungole in the Bankruptcy proceeding, and Terre M. Vardaman is the assigned Chapter 13 Trustee. By Order dated November 18, 2009, Douglas' Chapter 13 Plan was approved, and Douglas began making monthly payments of approximately $500.

3. On or about March 13, 2010, Schwartz negotiated a $500,000 settlement of the underlying action. See Affidavit of Richard B. Schwartz at ¶ 5, attached as Exhibit B.

4. Following the successful settlement of the underlying action, Schwartz retained Leonard to draft and file with the Bankruptcy Court the necessary paperwork to approve the following: (a) Schwartz's employment as counsel for Douglas in the underlying action, (b) the Professional Services Agreement between Douglas and Schwartz, (c) the settlement of the underlying action negotiated by Schwartz, and (d) the payment of attorney's fees to Schwartz,

pursuant to the Professional Services Agreement in the amount of $172,414.68. Leonard filed the appropriate motions on April 7, 2010. Id. at ¶ 6.

5. In connection with drafting the necessary motions to obtain Bankruptcy Court approval of the settlement of the underlying claim, Leonard spoke with and exchanged written communications with Douglas. Id. at ¶ 7.

6. Leonard also spoke with and provided written communications to Vardaman advising her that he would be filing the necessary paperwork to obtain Bankruptcy Court approval, and that Schwartz would be tendering to Leonard the $500,000 gross settlement proceeds for Leonard to hold until the appropriate orders were entered by the Bankruptcy Court. At no time did Vardaman raise any objection either with Leonard or the Bankruptcy Court to this arrangement. Id. at ¶ 8.

7. In late March or early April, 2010, Schwartz tendered the $500,000 gross settlement proceeds to Leonard. Id. at ¶ 9.

8. Following proper notice, by Order dated June 3, 2010, United States Bankruptcy Judge David W. Houston approved the employment of Schwartz and the Professional Services Agreement. See Exhibit C. By separate Order dated June 3, 2010, Judge Houston (a) approved the $500,000 settlement; (b) approved the payment of $172,414.68 in attorneys' fees and expenses to Schwartz; and (c) recognized that Leonard would hold "all excess settlement proceeds after payment of legal fees and reimbursement of expenses," and, at the direction of Vardaman, Leonard would either tender the excess proceeds to Vardaman, or disburse them at the direction of Vardaman. See Exhibit D.

9. In accordance with the Bankruptcy Court's June 3, 2010 Order, on or about June 3, 2010, Leonard tendered to Schwartz attorney's fees and reimbursement for expenses totaling $172,414.68. See Exhibit B at ¶ 11.

10. Leonard has neither paid to Vardaman, nor distributed at the direction of Vardaman the remaining $327,585.32 in settlement proceeds.

11. On October 15, 2010, Douglas commenced the instant action in the Circuit Court of Hinds County, Mississippi against Schwartz asserting three causes of action: (a) "Negligence/ Legal Malpractice," (b) "Vicarious Liability," and (c) "Disgorgement of Fee". See Exhibit E. On November 19, 2010, Schwartz removed the action to this Court. See Docket No. 1.

12. On October 21, 2010, Vardaman commenced an adversary proceeding in the United States Bankruptcy Court for the Northern District of Mississippi seeking the same relief sought in the instant action. See Exhibit F.

13. On October 27, 2010, Douglas' Counsel, Philip Thomas, represented to the Bankruptcy Court that: "The Debtor will ask this Court to dismiss or stay the Trustee's adversarial proceeding, since the Debtor's action was the first filed and the Debtor is in the best position to assert her legal malpractice claim." See Exhibit G at ¶ 18. Schwartz's Counsel agrees with the position of Douglas' Counsel and will file a motion, pursuant to the first-to-file rule, seeking a stay of the adversarial proceeding pending resolution of the instant action.

14. On November 30, 2010, Douglas filed a Motion for Partial Summary Judgment on her "Vicarious Liability" claim relying exclusively on the Mississippi Supreme Court's decision in Duggins v. Guardianship of Washington, 632 So.2d 420 (Miss. 1993). See Docket Nos. 3 & 4. To date, the initial case management conference has not been scheduled, and the parties have not served any discovery.

## II. ARGUMENT AND AUTHORITY

**A. No partnership (or joint venture) existed between Schwartz and Leonard to represent Plaintiff in her underlying action. Thus, under Mississippi partnership law, Schwartz is not vicariously liable for the actions of Leonard.**

Plaintiff's Motion for Summary Judgment should be denied. Without citing any admissible evidence, Plaintiff cites Duggins and baldly states that she is entitled to summary judgment on her "vicarious liability" claim because "Schwartz hired Van Leonard and Leonard stole Plaintiff's settlement." Duggins is easily distinguishable and provides no support for Plaintiff's argument.

In Duggins, the trial court relied on the existence of a partnership (joint venture) between two attorneys (Duggins and Barfield) to represent a client (the Guardianship of Maurice Washington) to support a finding that Duggins was vicarious liable to the Guardianship for the theft of settlement proceeds by Barfield: "The chancellor specifically found Duggins vicariously liable for Barfield's action under both statutory and present case law since Barfield's actions were within the scope of the partnership." Id. at 426. In affirming the Chancellor's predicate finding that a partnership existed between Duggins and Barfield for purposes of representing the Guardianship, the Mississippi Supreme Court relied on the following three factors:

- "The [client] contract gave Duggins the power to associate whomever he wanted without having to get client consent." Id.

- There was a division of responsibility and work between Duggins and Barfield: "Duggins was to handle the client contact and do all the necessary leg work such as compiling medical records, [and] Barfield was to use his experience in the area of medical malpractice to draft and file the complaint and to negotiate with the insurance company in the hopes of settling the claim." Id.

5

- Fees were to "be split 50/50 between [Duggins and Barfield]," resulting in each attorney having "an equal stake in the outcome of the case." Id. at 426-27.

The Mississippi Supreme Court then looked to the Uniform Partnership Act and Mississippi statutory law to conclude that one partner must "make good for another partner's misappropriation of money or property while in the custody of the partnership. . . . and all partners are jointly and severally liable for debts and obligations of the partnership." Id. 427. As an additional basis for holding Duggins vicariously liable for the actions of Barfield, the Mississippi Supreme Court held that a joint venture existed between the two attorneys because the attorneys shared "both the responsibility and the profits from this representation." Id. 428.

Plaintiff has failed to support her Motion with any admissible evidence to establish, as a matter of law, the existence of a partnership (joint venture) between Schwartz and Leonard to represent her in the underlying action. Thus, for this reason alone the Motion should be denied.

Further, as discussed above and established by the Affidavit of Schwartz, the undisputed facts demonstrate that no partnership has ever existed between Schwartz and Leonard to represent Plaintiff in the underlying action. See Exhibit B. Unlike the client contract in Duggins, Plaintiff's contract expressly required Plaintiff to approve the association of any additional counsel to assist in the furtherance of her claim, and Plaintiff was advised of and consented to the employment of Leonard.[1] Next, there was no division of responsibility and work between Schwartz and Leonard in the prosecution of Plaintiff's underlying claim. Rather, Schwartz had already negotiated and reached a favorable settlement of the Plaintiff's underlying claim before Leonard was contacted to obtain approval from the Bankruptcy Court of the

---

[1] As discussed below, discovery is necessary to determine the nature of the legal relationship between Plaintiff and Leonard, and Schwartz and Leonard. Discovery may reveal sufficient facts to establish the existence of an attorney-client relationship between Plaintiff and Leonard for the limited purpose of obtaining approval from the Bankruptcy Court of the settlement and disbursement of settlement proceeds.

6

settlement. Id. at ¶ 6. Finally, Schwartz and Leonard did not have an equal stake in the outcome of the underlying claim. Rather, Leonard was to bill Schwartz on an hourly basis to prepare the necessary paperwork and obtain Bankruptcy Court approval of the settlement negotiated by Schwartz.[2] Id. Thus, Schwartz respectfully submits that Plaintiff will never be able to adduce sufficient facts to establish, as a matter of law, the existence of a partnership or joint venture between Schwartz and Leonard to represent her in the underlying action. Accordingly, Plaintiff's vicarious liability claim against Schwartz under Mississippi's partnership law fails as a matter of law.

B. **If there is some question regarding the nature of the relationship between Plaintiff and Leonard, and Schwartz and Leonard, or whether Plaintiff consented to Leonard handling the settlement proceeds, the Motion should be denied or deferred pursuant to Fed. R. Civ. Pro. 56(d).**

Federal Rule of Civil Procedure 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons it cannot present facts essential to justify its opposition, the Court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

To date, the initial case management conference has not been conducted and the parties have not served any discovery. If the Affidavit of Schwartz is insufficient to create a genuine issue of fact regarding the nature of the relationship between Plaintiff and Leonard, and Schwartz and Leonard, and whether Plaintiff consented to Leonard handling the settlement proceeds sufficient to warrant the denial of Plaintiff's Motion for Partial Summary Judgment, Schwartz respectfully requests, pursuant to Fed. R. Civ. Pro. 56(d), that the Court deny or defer ruling on the Motion until Schwartz has an opportunity to conduct discovery. Specifically, as enumerated

---

[2] It should be pointed out that in Plaintiff's bankruptcy proceeding she is taking the position that "there is no attorney-client relationship between Debtor and Van Leonard." See Exhibit G at ¶ 10. This position is directly contrary to the situation existing between the plaintiff and the attorneys in Duggins.

7

in the attached Affidavit, Schwartz represents to the Court that, at a minimum, the following discovery must be conducted in order for Schwartz to obtain the additional evidence necessary to support his opposition to this Motion:

(a)   Deposition of Douglas;

(b)   Deposition of Leonard;

(c)   Deposition of Vardaman;

(d)   Requests for Production to obtain Douglas' complete file regarding the underlying action and bankruptcy proceeding, including all correspondence with Schwartz, Leonard and Vardaman;

(e)   Requests for Production to obtain Leonard's entire file regarding obtaining Bankruptcy Court approval of the settlement of the underlying actions, including all correspondence with Douglas and Vardaman;

(f)   Requests for Production to obtain Vardaman's file regarding the settlement of the underlying claim and the paperwork submitted by Leonard to obtain Bankruptcy Court approval, including all correspondence with Leonard.

Id. at ¶ 13. Accordingly, pursuant to Fed. R. Civ. Pro. 56(d), Schwartz respectfully requests that the Court deny or defer ruling on the Motion until Schwartz is afforded an opportunity to conduct this discovery.

  **C.** **Plaintiff's claim that Schwartz is "not entitled to keep its Attorney Fee" is both unsupported by any facts and contrary to the June 3, 2010 Order of the Bankruptcy Court.**

Relying on decisions from the United States Court of Appeals for the District of Columbia and a New Jersey state court, Plaintiff asserts that "an attorney is not entitled to recover fees for legal services performed improperly," and "Schwartz is not entitled to keep his

8

attorney's fee." Assuming for the sake of argument that Mississippi law is the same as Federal law and New Jersey law on this issue, Plaintiff has failed to offer any evidence to substantiate her assertion that Schwartz "improperly" performed any legal services.

For all of the reasons explained above, Plaintiff has failed to show, as a matter of law, that Schwartz performed any legal services "improperly." Indeed, it is undisputed that Schwartz negotiated a favorable $500,000 settlement of Plaintiff's personal injury claim. Further, the Affidavit of Schwartz, as well as other evidence, establishes that Plaintiff, Vardaman and the United States Bankruptcy Court were aware of and approved Schwartz tendering to Leonard the gross settlement proceeds, to be held by Leonard, until the settlement was approved by the Bankruptcy Court and Vardaman instructed Leonard to tender the proceeds, minus attorney's fees, to either her or Plaintiff's creditors. Additionally, the June 3, 2010 Order of the Bankruptcy Court expressly approves the compensation and reimbursement of expenses to be received by Schwartz in the amount of $172,414.68. See Exhibit D. No one has ever alleged that Schwartz obtained this fee improperly. Further, Richard Schwartz denies that any of the legal services that either he or Schwartz and Associates provided to Douglas in connection with the underlying action was "improper" or deviated in any way from the requisite standard of care. See Exhibit B at ¶ 12. Thus, there is no record evidence to support Plaintiff's concluslory assertion that Schwartz "improperly" performed any legal services. To the contrary, all record evidence establishes that Schwartz earned his fee, and the Bankruptcy Court expressly approved the payment to Schwartz of this fee. To grant Plaintiff's request for immediate repayment of these fees by Schwartz would essentially be to resolve this entire lawsuit before it is litigated. Accordingly, Plaintiff's claim that "Schwartz is not entitled to keep his attorney's fee" is unsupported by any admissible evidence and should be denied.

### III.  CONCLUSION

Plaintiff has failed to adduce sufficient evidence to establish, as a matter of law, that a partnership or joint venture existed between Schwartz and Leonard to represent Plaintiff in the underlying personal injury action. Thus, Plaintiff's reliance on Duggins is misplaced, and the Court should deny the Motion for Partial Summary Judgment. Alternatively, Plaintiff's Motion should be denied or deferred, pursuant to Fed. R. Civ. Pro. 56(d), until Defendants are allowed sufficient time to conduct discovery regarding a number of relevant issues, including the nature of the relationship between Plaintiff and Leonard, and Schwartz and Leonard, and the knowledge and approval of Plaintiff, the Chapter 13 Trustee and the United States Bankruptcy Court to Leonard handling the settlement proceeds. Finally, Plaintiff has failed to offer any admissible evidence to establish that Schwartz "improperly" performed any legal services. Thus, Plaintiff's claim that Schwartz is not entitled to keep his court-approved attorney's fees should be denied.

This the 17th day of December, 2010.

Respectfully submitted,

RICHARD B. SCHWARTZ and
SCHWARTZ AND ASSOCIATES, P.A.

By:  s/ Joseph Anthony Sclafani
            One of Their Attorneys

OF COUNSEL:

William Trey Jones, III, Esq.  (MSB No. 99185)
Joseph Anthony Sclafani, Esq. (MSB No. 99670)
BRUNINI, GRANTHAM, GROWER & HEWES PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone:  (601) 948-3101
Facsimile:   (601) 960-6902
tjones@brunini.com
jsclafani@brunini.com

11

## **CERTIFICATE OF SERVICE**

I, Joseph Anthony Sclafani, hereby certify that I electronically filed the foregoing pleading or other paper with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

J. Wyatt Hazard, Esq. (whazard@danielcoker.com);

Philip Williams Thomas, Esq. (pthomas@thomasattorney.com); and

Richard C. Bradley, III, Esq. (rbradley@danielcoker.com).

Further, I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants: NONE.

This the 17th day of December, 2010.

s/ Joseph Anthony Sclafani