IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**SHIRLEY DOUGLAS**                                                                   **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION NO. 3:10CV677 DPJ-FKB**

**RICHARD B. SCHWARTZ, AND SCHWARTZ &
ASSOCIATES, P.A.,**                                                                  **DEFENDANTS**

**PLAINTIFF'S REPLY MEMORANDUM SUPPORTING MOTION
FOR PARTIAL SUMMARY JUDGMENT**

## I.  INTRODUCTION

Schwartz's attempt to distinguish this case from *Duggins v. Guardianship of Washington*[1] fails. It is undisputed that Schwartz hired Van Leonard and Leonard stole Plaintiff's settlement. As a result, Schwartz is clearly liable for Leonard's theft.

## II.  ARGUMENT

### A.  The Material Facts are Undisputed.

Schwartz admits that Schwartz hired Leonard.[2] Schwartz also admits that Schwartz gave Plaintiff's $500,000 settlement to Leonard.[3] Finally, Schwartz concedes that Leonard paid $172,414.68 from the settlement proceeds to Schwartz and stole the remaining $327,585.32.[4]

---

[1] 632 So. 2d 420 (Miss. 1993).

[2] See Schwartz' Response at p. 2, ¶ 4 ("Schwartz retained Leonard").

[3] See Schwartz' Response at p. 3, ¶ 7 ("Schwartz tendered the $500,000 gross proceeds to Leonard").

[4] See Schwartz' Response at p. 4, ¶¶ 9-10.

### B. Schwartz is Liable under *Duggins*.

Schwartz's attempt to distinguish this case from *Duggins v. Guardianship of Washington* fails. As with any two cases, the facts of *Duggins* may be different. But that does not mean that *Duggins* does not dictate that this Court grant Plaintiff summary judgment.

In *Duggins*, the Court stated: "[t]he question at the heart of this case is whether an attorney who associated another attorney remains vicariously liable for the associated attorney's actions."[5] As in this case, the thieving attorney's participation in *Duggins* was solely attributed to the defendant.[6] The Court ruled that the defendant attorney was liable for the theft.

Schwartz's contention that Plaintiff is not entitled to summary judgment because there was no partnership or joint venture between Schwartz and Leonard is misplaced. In *Duggins*, the Court noted: "[e]ven if this Court did not choose to apply the UPA to this situation, Duggins could be found accountable for Barfield's actions by applying the principles of vicarious liability."[7] The same rationale applies in this case.

It is undisputed that Schwartz brought Leonard into the case and Leonard stole Plaintiff's money. Schwartz is liable as a matter of law under *Duggins*.

### C. The Court Should Disgorge Schwartz of its Fee.

When Schwartz learned that Leonard stole Plaintiff's money, Schwartz should have voluntarily agreed to return the money collected by Schwartz. Instead, Schwartz believes that the proper outcome in this case is for Schwartz to get $172,414.68 and his

---

[5] 632 So. 2d at 426.

[6] Id.

[7] Id. at 428.

2

client to get zero. Schwartz is correct that Plaintiff cited a New Jersey case on the issue of fee disgorgement. Contrast that with Schwartz's response that cites **nothing**.

Schwartz apparently believes that the equities of the situation weigh in its favor. But that is wrong. Fee disgorgement is a proper remedy that allows a plaintiff to be made whole. This Court should disgorge Schwartz's fee and grant partial summary judgment in Plaintiff's favor in the amount of $500,000.

### D. Schwartz Does Not Need Discovery on the Issues Raised in Plaintiff's Motion.

As previously explained, the material facts are not disputed and Plaintiff is entitled to judgment as a matter of law in the amount of $500,000. Therefore, the Court should grant Plaintiff's motion despite Schwartz's request to conduct discovery.

### III. CONCLUSION

The Court should enter partial summary judgment in Plaintiff's favor against Schwartz in the amount of $500,000.

This the 23rd day of December, 2010.

                                              Respectfully Submitted,

                                              SHIRLEY DOUGLAS

                                              By Her Attorney,

                                              /s/ Philip W. Thomas
                                              PHILIP W. THOMAS

PHILIP W. THOMAS, P.A.
747 North Congress Street
Jackson, MS 39202
Post Office Box 24464
Jackson, MS 39225-4464
Tel: (601) 714-5660
Fax: (601) 714-5659

**CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered the non-ECF participants.

    Richard C. Bradley, III
    J. Wyatt Hazard
    Daniel, Coker, Horton & Bell, P. A.
    Post Office Box 1084
    Jackson, Mississippi 39215-1084
    rbradley@danielcoker.com
    whazard@danielcoker.com

    Joseph Anthony Sclafani
    BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
    Post Office box 119
    Jackson, Mississippi 39205-0119
    jsclafani@brunini.com

This the 23rd of December, 2010.

                                       /s/ Philip W. Thomas
                                       PHILIP W. THOMAS