# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**SHIRLEY DOUGLAS**                                                       **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 3:10CV677 DPJ-FKB**

**RICHARD B. SCHWARTZ, AND SCHWARTZ &**
**ASSOCIATES, P.A.,**                                                   **DEFENDANTS**

## SHIRLEY DOUGLAS' RESPONSE TO VANN F. LEONARD'S MOTION TO QUASH (BANCORPSOUTH BANK)

Shirley Douglas response to Vann F. Leonard's ("Leonard") Motion to Quash the subpoena duces tecum served upon Bancorpsouth Bank as follows:

1. This case involves the theft by Leonard of over $300,000.00 that was intended to compensate Plaintiff for injuries sustained in an automobile accident.

2. Although Defendants Richard Schwartz and Schwartz & Associates (collectively "Schwartz") deny liability for Leonard's actions, they agree that Leonard did steal Plaintiff's settlement proceeds after Schwartz tendered the proceeds to Leonard. In addition, a hearing is set in the Northern District of Mississippi on January 31, 2011 where it is anticipated that Leonard will plead guilty to stealing Plaintiff's settlement funds.[1]

3. Leonard's bank records are relevant to the claims and defenses in this action, since the records may reflect the disposition of the money that Leonard stole.

4. Bank records are routinely obtained in discovery by subpoena duces tecum.

---

[1] See Exhibit "1", Notice.

5. Bank records do not contain attorney-client communications. Therefore, there is no applicable attorney-client privilege.

6. Discovery of Leonard's personal and business bank records is appropriate given the facts of this case as set forth in Plaintiff's Complaint.

7. Finally, the Fifth Amendment does not apply to the subpoena duces tecum. The subpoena does not seek to take the testimony of Leonard. Instead, it seeks discovery of Leonard's bank records. Individuals may not use the Fifth Amendment to prevent parties from conduction discovery that does not involve the testimony of the person invoking his Fifth Amendment rights.

**WHEREFORE**, Leonard's Motion to Quash should be denied.

This the 13th day of January, 2011.

Respectfully Submitted,

SHIRLEY DOUGLAS

By Her Attorney,

/s/ Philip W. Thomas
PHILIP W. THOMAS

PHILIP W. THOMAS, P.A.
747 North Congress Street
Jackson, MS 39202
Post Office Box 24464
Jackson, MS 39225-4464
Tel: (601) 714-5660
Fax: (601) 714-5659

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered the non-ECF participants.

    Richard C. Bradley, III
    J. Wyatt Hazard
    Daniel, Coker, Horton & Bell, P. A.
    Post Office Box 1084
    Jackson, Mississippi 39215-1084
    rbradley@danielcoker.com
    whazard@danielcoker.com

    Joseph A. Sclafani
    William E. (Trey) Jones, III
    Brunini, Grantham, Grower & Hewes, PLLC
    Post Office Box 119
    Jackson, Mississippi 39205
    jsclafani@brunini.com
    tjones@brunini.com

    Joe M. Hollomon
    Post Office Box 22683
    Jackson, Mississippi 39225-2683
    jhollomon@att.net

This the 13th of January, 2011.

                                       /s/ Philip W. Thomas
                                       PHILIP W. THOMAS